**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bartholomew James O'SHEA, Defendant-
Appellant.**

**No. 71–2283
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 4, 1971.

Hubert R. Lindsey (Court appointed), Robert L. Saylor, West Palm Beach,

---

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Fla., for defendant-appellant; Farish & Farish, West Palm Beach, Fla., of counsel.

Robert W. Rust, U. S. Atty., Marsha L. Lyons, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge:

The appellant, Bartholomew James O'Shea, was tried and convicted by a jury in the United States District Court for the Southern District of Florida on an indictment charging that he robbed the Central Bank of West Palm Beach of $8,569.00, a violation of 18 U.S.C., § 2113(a). We affirm.

During the course of the trial, the trial court held that its pretrial discovery and inspection order had not been violated by the Government. The question arose when the Government sought to introduce into evidence certain sets of palm prints found on a note allegedly given to a bank teller by the hold-up man during the course of the robbery. Counsel for the appellant strenuously objected to their admission and contended that since these items had not been previously disclosed to him, there was a violation of the Court's pretrial discovery and inspection order. A continuance was not requested. The trial court overruled the objection and permitted the palm prints to be introduced into evidence. The order had stated that the Government was to provide with all due speed " * * * results and reports of scientific tests * * * ", and all " * * * documents, tangible objects * * * which may be introduced into evidence."

An FBI fingerprint expert later testified that five of the latent palm prints found on the note were made by the left palm of the appellant and that another of the latent palm prints was made by the appellant's right palm. He made this determination after comparing the latent palm prints found on the note with the right and left palm prints on a palm print card bearing the name "Bart O'Shea", and filed in the Identification Division files under FBI No. 144373E. This testimony greatly strengthened that of a co-conspirator, added to the bank teller's identification of the man who handed her the note and took the money.

Appellant submits that the trial court abused its discretion by permitting the Government to introduce these palm prints into evidence, not, he claims, previously disclosed to him in violation of the Court's own order, all to his great prejudice.

 The question is whether the Government complied with the trial court's order and with the provisions of Rule 16 of the Federal Rules of Criminal Procedure.

On April 2, 1971, a letter was sent by the Assistant United States Attorney to appellant's defense counsel listing those items of physical and documentary evidence which the Government then had in its possession and those items which the Government expected to have in its possession at the time of trial. It was clearly stated that these items listed *were enlargements of palm prints found on the note that was handed to the bank teller*. Copies of FBI laboratory reports stating that six latent palm prints found on the note that was handed to the bank teller had been identified as palmar impressions of the appellant O'Shea were enclosed in this letter.

Defense counsel, by a letter dated April 6, acknowledged receipt of the letter and asked that he be allowed to view the *group of photos* referred to as Item 5 in the first list. This is all that he requested in his letter. (He now contends in his brief that he stated in his letter that he wished to see all the listed items).

On April 13, a letter was sent to defense counsel in which copies of the requested photographs were enclosed. No further correspondence took place concerning items of evidence which were or

which would be in the Government's possession.

It is clear from this record that appellant's counsel, even after the existence of the palm prints was made known to him, neither requested that the Government make these items available nor asked the Court to order the Government to produce them. He is mistaken when he states that his letter of April 6 asked the Government to make *all listed items* of evidence available for his inspection.

Under Rule 16, the word "disclosure" encompasses the steps taken by the Government in this case. Defense counsel was made aware of the items of physical and documentary evidence which were or would be in the possession of the Government. Neither Rule 16 nor the pretrial order requires more.

In none of the cases cited by the appellant was defense counsel made aware of the existence of a certain item of evidence until it was sought to be introduced as an exhibit at the trial. In United States v. Kelly, 2 Cir., 1969, 420 F.2d 26, defense counsel was not informed that certain scientific tests were performed until the Government produced its exhibits for identification. Nothing in *Kelly* or any other case cited by the appellant says that the steps taken by the Government in the case now before us are not adequate to comply with Rule 16 or with an order such as that entered by the trial court in this case.

We expressly decline to say that this was a trial by ambush in violation of the spirit of the discovery rules. Once the Government has made known that certain items of evidence are in its possession, its obligation to make such items available for inspection under a proper pretrial discovery and inspection order does not arise until defense counsel makes a request for inspection. No abuse of discretion was committed by the trial court in this case.

The judgment of the District Court is Affirmed.