UNITED STATES of America,
Plaintiff-Appellee,

v.

Edgar P. BUCHANAN,
Defendant-Appellant.

No. 78–5243
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 27, 1978.

Michael P. Fox, Fortson, Ga., for defendant-appellant.

D. L. Rampey, Jr., U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon Ga., for plaintiff-appellee.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

Edgar P. Buchanan was convicted of participating in a conspiracy to steal United States Treasury checks from the mail and then cash them under forged endorsements in violation of 18 U.S.C. § 371 (conspiracy to defraud the United States), 18 U.S.C. § 495 (forgery relating to United States Treasury checks), and 18 U.S.C. § 1708 (possession of stolen mail). On appeal, Buchanan contends that the prosecuting attorney failed to comply with Rule 16(a)(1)(C), Fed.R. Crim.P., by failing to turn over certain specimens of his handwriting prior to trial and that such failure was prejudicial to his substantial rights. He also contends that the trial judge improperly commented on the evidence in a supplemental charge to the jury and thereby denied him a fair trial. We find both contentions meritless.

Buchanan's Rule 16 contention relates to the Government's admitted failure to turn over to defense counsel certain specimens of the defendant's handwriting obtained by government investigators prior to trial. In a written report and in testimony at Buchanan's trial, a handwriting analyst produced by the Government stated unequivocally that the handwriting of the signatures on two stolen checks was the same as the handwriting of the specimens obtained from Buchanan. Defense counsel repeatedly objected to any reference to the handwriting specimens and to their introduction into evidence on the ground that the Government failed to turn them over to him in advance of the trial as required by Rule 16. Buchanan's counsel contended that he needed the specimens of his client's handwriting in order to utilize the testimony of a handwriting analyst of his own choosing to contradict the testimony of the Government's expert.

■ Rule 16 requires the Government, upon request of the defendant and without the necessity of a court order, to furnish to the defendant or to permit him to inspect and copy or photograph certain statements made by the defendant, 16(a)(1)(A), the defendant's prior criminal record, 16(a)(1)(B), certain documents and tangible objects, 16(a)(1)(C), and reports of certain examinations or tests, 16(a)(1)(D). In this case, the handwriting specimens are properly characterized as "tangible objects" subject to disclosure pursuant to Rule 16(a)(1)(C).[1] Pursuant to that section, Buchanan's counsel requested the Government "[t]o produce any books, papers, documents, photographs or tangible objects which the prosecution intends to use against the defendant or which were obtained from or belong to the defendant." In response to that request, and to a further request for any reports of experts, the Government turned over to defense counsel, *inter alia,* a copy of the report of its handwriting analyst and photocopies of the stolen checks showing the forged signatures.

■ We conclude that, by furnishing defense counsel a copy of the handwriting analyst's report, which revealed the existence of the handwriting specimens, and by pointedly making himself available for further inquiry, the prosecuting attorney effectively "produce[d]" the specimens and "permit[ted]" the defendant to inspect and copy" them within the meaning of the defendant's disclosure request and Rule 16(a)(1)(C). Thus, in the absence of a specific demand for the specimens themselves, the failure to furnish them did not constitute a failure to comply with Rule 16.

■ Our holding conforms to our prior decision in *United States v. O'Shea,* 5 Cir., 1971, 450 F.2d 298. In that case we found no Rule 16 violation when, in response to a

1. Rule 16(a)(1)(C) provides:

(C) Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions

thereof, which are within the possession, custody or control of the government, and which are material to the preparation of his defense or are intended for use by the government as evidence in chief at trial, or were obtained from or belong to the defendant.

court order to provide "results and reports of scientific tests" and "documents [and] tangible objects . . . which may be introduced into evidence," the Government provided the written report of a fingerprint expert without also providing photocopies of palm prints found on a note given by a hold-up man to a bank teller. In finding no Rule 16 violation in *O'Shea*, this court stated:

> It is clear from this record that appellant's counsel, even after the existence of the palm prints was made known to him, neither requested that the Government make these items available nor asked the Court to order the Government to produce them. . . . Under Rule 16, the word "disclosure" encompasses the steps taken by the Government in this case. Defense counsel was made aware of the items of physical and documentary evidence which were or would be in the possession of the Government. Neither Rule 16 nor the pre-trial order requires more.

*Id.* at 300. *O'Shea* is therefore dispositive of the Rule 16 issue posed here.[2] Indeed, if Rule 16 does not obligate the Government to provide, without a specific request, copies of fingerprints obtained at the scene of the crime, to which the defense otherwise has no access, it does not require the provision of handwriting specimens which could easily have been duplicated at any time by the defendant himself.

██ Even if the Government technically failed to comply with Rule 16, Buchanan would still merit no relief from this court, since it is well established that an error by the trial court in the administration of the discovery rules is not reversible absent a showing that the error was prejudicial to the substantial rights of the defendant. *United States v. Valdes,* 5 Cir., 1977, 545 F.2d 957; *United States v. Arcentales,* 5 Cir., 1976, 532 F.2d 1046; *United States v.*

*Saitta,* 5 Cir., 1971, 443 F.2d 830. Here, no such prejudice has been shown.

Buchanan also contends that the trial judge improperly commented on the evidence in a supplemental charge to the jury. The trial judge delivered the charge in response to notes from the jury during their deliberations which revealed confusion regarding the two counts of the indictment which involved the possession and forged endorsement of a specific check.[3] The jury was primarily concerned with the effect of the Government's failure to produce as a witness Orlando M. Jones, the intended payee. In his closing argument Buchanan's counsel commented on that failure. After carefully emphasizing that he could not answer questions of fact, the trial judge suggested various reasons why Jones might have been unable to testify. Buchanan's counsel objected to those statements and contends that they denied his client a fair trial.

██ It is well settled that a trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error. *United States v. Musgrave,* 5 Cir., 1971, 444 F.2d 755; *Bursten v. United States,* 5 Cir., 1968, 395 F.2d 976; *Moody v. United States,* 5 Cir., 1967, 377 F.2d 175. In this case, the trial court properly and repeatedly emphasized in the supplemental charge that the jury was the sole trier of fact. Furthermore, the court's comments were not prejudicial. The trial judge's comments in the supplemental charge, viewed in context, were therefore proper.

AFFIRMED.

---

2. Although *O'Shea* was decided prior to the 1975 amendments to Rule 16, it still provides precedent for our holding since the amendments were not addressed to the question raised in *O'Shea* and in this case regarding the manner of "disclosure" required by the Rule.

3. The third count is the general conspiracy count in regard to which evidence relating to several other individual checks was offered.