**In re Lilla Ann NORTON, Petitioner.**

**No. 79–2693.**

United States Court of Appeals,
Fifth Circuit.

July 31, 1980.

Spriggs & Henderson, Kent Spriggs, T. J. Rose, Tallahassee, Fla., for petitioner.

John D. Buchanan, Jr., Tallahassee, Fla., William F. Kaspers, Atlanta, Ga., for respondent.

Before TUTTLE, GOLDBERG and RANDALL, Circuit Judges:

GOLDBERG, Circuit Judge:

This civil rights case, in which the district court issued sundry orders enforcing its local rule 17 based on suggested local rule 7 of the Manual for Complex Litigation, stands squarely on all fours with *Bernard v. Gulf Oil Co.*, 619 F.2d 459 (5th Cir., 1980) (en banc). Accordingly, all orders enforcing local rule 17 in this case are vacated, and the case is remanded for proceedings not inconsistent with *Bernard.*

VACATED and REMANDED.

* Judge Jerre S. Williams did not participate in this decision.

■

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Hollis CLARK, Defendant-Appellant.**

**No. 79–5102.**

United States Court of Appeals,
Fifth Circuit.

July 31, 1980.

Thomas C. Bianco, Atlanta, Ga., for defendant-appellant.

Craig A. Gillen, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before COLEMAN, Chief Judge, and BROWN, AINSWORTH, GODBOLD, CHARLES CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, VANCE, KRAVITCH, FRANK M. JOHNSON, Jr., GARZA, HENDERSON, REAVLEY, POLITZ, HATCHETT, ANDERSON, RANDALL, TATE, SAM D. JOHNSON and THOMAS A. CLARK, Circuit Judges.*

PER CURIAM:

The order granting a rehearing en banc, 608 F.2d 238, is vacated as having been improvidently granted on the record before us, and the panel opinion, 598 F.2d 994, is reinstated.

GEE, Circuit Judge, with whom BROWN, CHARLES CLARK, TJOFLAT, FAY, REAVLEY, POLITZ, ANDERSON, RANDALL, TATE, SAM D. JOHNSON, and THOMAS A. CLARK, Circuit Judges, join, specially concurring.

I concur in the court's order because no proffer was made of evidence tending to show advances in the state of polygraph art since the seminal opinion in *Frye v. United States*, 293 F. 1013 (D.C.Cir. 1923), upon which our authorities are based, or the competence of polygraphic operators. Had one been made, in my view these authorities would properly be subject to reconsideration.