**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John D. HOPE, Defendant-Appellant.**

**No. 82–3037**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Sept. 16, 1983.

Jerry S. Luxenberg, Orlando, Fla., for defendant-appellant.

Joseph T. Urbaniak, Jr., Asst. U.S. Atty., Orlando, Fla., Francis J. Martin, Appellate Section/Crim. Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

In this appeal, John D. Hope seeks reversal of his two-count conviction for drug manufacturing offenses.[1]

I

On the night of November 26, 1981, Drug Enforcement Administration (DEA) agents arrested Hope and Edwin Ponder in Orlando, Florida, on charges of conspiring to manufacture amphetamine and methamphetamine. Immediately afterwards, the agents seized over thirty containers of chemicals found on the premises.

Seeking more time in which to file an indictment, the government moved for a continuance on December 28. According to the motion, the DEA laboratory in Miami and the Seminole County sheriff's department needed more time to complete chemical and fingerprint analyses, respectively, of the "considerable" quantity of evidence. After oral hearing on the motion, the district court granted a thirty-day continuance.

On appeal, Hope argues that the trial court erred in granting the continuance. Under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (Supp.1983), the government must indict any individual charged with a federal offense within thirty days of arrest.[2] *Id.* § 3161(b). In computing time, the trial court shall exclude

[a]ny period of delay resulting from a continuance granted ... on the basis of [the trial court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. *Id.* § 3161(h)(8)(A).

A continuance is appropriate when the case is complex or when continuation of the proceeding might otherwise be impossible. *Id.* § 3161(h)(8)(B). The trial court has broad discretion in deciding whether to grant a continuance and its decision will not be disturbed absent abuse of that discretion. *United States v. Henry,* 698 F.2d 1172, 1174 (11th Cir.1983).

Hope claims for the first time on appeal that the trial court erred in granting a continuance because the government did not plead specific facts to justify the order. Since Hope neither raised this objection below nor asserts plain error, the alleged pleading defect cannot be considered on appeal. *United States v. Pool,* 660 F.2d 547, 559 n. 4 (5th Cir. Unit B 1981).

Hope also claims that the government failed to prove facts justifying a continuance. The trial judge, however, heard ample evidence in support of postponement. According to the testimony of DEA agent Frank Chisari, the containers bore some 100 fingerprints. Once Seminole County deputies removed the prints on December 7 for identification by their office, the arresting agents hand-delivered the containers to Miami for analysis by DEA chemists. Their analyses ultimately identified over thirty substances. Hope's fingerprints and P2P, an essential ingredient of methamphetamine, had been identified tentatively within the first thirty days. Further analysis was

---

1. Hope was convicted of conspiracy to manufacture and possess with intent to distribute phenyl-2-propanone (P2P) and methamphetamine (count 1) and the manufacture of P2P (count 2), in violation of the Controlled Substances Act, 21 U.S.C. §§ 801–966 (1976).

2. The statute grants an additional 30 days if the district in which the defendant is charged has

not had a grand jury session in the first 30 days following arrest. 18 U.S.C. at § 3161(b). The government does not invoke this exception to the 30 day period.

The government filed its motion on Monday, December 28, the first business day after Christmas. Defendant does not assert the motion was untimely.

necessary, however, to verify the results and to determine whether the P2P had been produced accidentally, requiring numerous individual tests by two different and distant agencies. Given these circumstances, we cannot say that the trial court abused its discretion in ruling that the record warranted a continuance.

Finally, Hope contends that the trial court failed to set forth reasons for its findings, as § 3161(h)(8)(A) of the Speedy Trial Act requires. In his order granting the continuance, the trial judge found that:

> [f]rom the testimony of Drug Enforcement Administration Agent Frank Chisari ... due to the nature of the charge and number of defendants, the facts in this case are sufficiently complex that it is unreasonable to expect the return of an indictment within thirty days from the date of arrest (on 26 November 1981). The court further finds that the ends of justice served by the continuance outweigh the interest of the public and the defendants in a speedy trial.

Although the trial court did not summarize the particular aspects of Chisari's testimony on which it relied, the court's reference to his testimony, which is included in the record, is an adequate statement of its reasons for finding that a continuance was warranted. *See United States v. Campbell,* 706 F.2d 1138, 1140 n. 4 (11th Cir.1983) (upholding district court certification of excludable time where reasons for its findings existed but were left unstated). Based on the evidence adduced at the hearing, the district court did not abuse its discretion in granting the government a continuance.

## II

■ The Controlled Substances Act prohibits trafficking in certain "controlled" substances listed in 21 U.S.C. § 812 (1976). In addition, the Attorney General has statutory authority to add the immediate precur-

sors of controlled substances to the list of those already regulated. *Id.* § 881(e). Hope contends that this authority constitutes an unconstitutional delegation of legislative power in violation of separation of powers and article I, section 1 of the Constitution. Specifically, Hope objects to the discretion § 811(e) affords the Attorney General to decide whether or not to add a particular substance that qualifies as a precursor to the list.

In *United States v. Gordon,* 580 F.2d 827 (5th Cir.), *cert. denied,* 439 U.S. 1051, 99 S.Ct. 731, 58 L.Ed.2d 711 (1978), we rejected an identical argument under 21 U.S.C. § 811(a) (1976). 580 F.2d at 839–40 (citing, *inter alia, Zemel v. Rusk,* 381 U.S. 1, 17, 85 S.Ct. 1271, 1281, 14 L.Ed.2d 179 (1965), *Carlson v. Landon,* 342 U.S. 524, 542–43, 72 S.Ct. 525, 535–536, 96 L.Ed. 547 (1952) and *Panama Refining Co. v. Ryan,* 293 U.S. 388, 421, 55 S.Ct. 241, 248, 79 L.Ed. 446 (1935)). Section 811(a) allows the Attorney General to add drugs with the potential for abuse to the controlled substances list. Like § 811(e), at issue here, § 811(a) permits but does not require the Attorney General to augment the list. Since the discretion at issue in *Gordon* is indistinguishable from that created by § 811(e), Hope's delegation argument fails.

## III

■ As a third basis of error, Hope contends that the government did not lay a proper foundation for its chemical analyses because it failed first to establish that the testing techniques were generally accepted in the pertinent scientific community. At trial, however, defense counsel requested a description of the analysis, not evidence of its scientific acceptance. Absent plain error, which has not been alleged, Hope's contention is not properly before this court.[3] *United States v. Pool,* 660 F.2d at 559 n. 4.

---

**3.** Under Rule 702 of the Federal Rules of Evidence, expert testimony is admissible where it will assist the trier of fact to determine a fact in issue. Before the rule was enacted in 1975, some circuits followed the test enunciated in *Frye v. United States,* 293 F. 1013, 1014 (D.C.

Cir.1923), that analytical techniques must have general acceptance in the scientific community to be admissible. *United States v. Alexander,* 526 F.2d 161, 163 (8th Cir.1975); *United States v. Amaral,* 488 F.2d 1148, 1152 (9th Cir.1973). The helpfulness test of Rule 702, however, cast

## IV

■ Hope last argues that the trial judge improperly commented on the evidence. During deliberation, the jury sent the trial judge a note inquiring if any chromic acid was found, and if so, how much. After conferring with counsel, the trial judge first told the jurors that the jury's own recollection of the evidence governed its findings. He further reminded the jury that his recollections did not constitute evidence. After this preface, the trial judge stated he could not recall any evidence of chromic acid. While counsel agreed this was the case, defense counsel pointed out that chromic acid has other names and had not been tested for.

■ A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error. *United States v. Buchanan,* 585 F.2d 100, 102 (5th Cir.1978); *Moody v. United States,* 377 F.2d 175, 177–80 (5th Cir.1967). The trial judge properly warned the jury that it was the sole judge of the facts. His statement of his personal recollection, without partisan comment, did not prejudice Hope past the point of cure, especially since counsel agreed no chromic acid had been found.

AFFIRMED.

doubt on the continued vitality of *Frye.* Some circuits have reaffirmed the *Frye* test. *United States v. Tranowski,* 659 F.2d 750, 755–56 (7th Cir.1981); *United States v. Hendershot,* 614 F.2d 648, 654 (9th Cir.1980); *United States v. Brady,* 595 F.2d 359, 362 (6th Cir.), *cert. denied,* 444 U.S. 862, 100 S.Ct. 129, 62 L.Ed.2d 84 (1979). Others have replaced *Frye* with a less stringent test balancing the reliability of the testimony against its potential to mislead. *United States v. Williams,* 583 F.2d 1194, 1197–1200 (2d Cir.1978), *cert. denied,* 439 U.S. 1117, 99 S.Ct. 1025, 59 L.Ed.2d 77 (1979); *United States v. Baller,* 519 F.2d 463, 465–66 (4th Cir.), *cert. denied,* 423 U.S. 1019, 96 S.Ct. 456, 46 L.Ed.2d 391 (1975). *See also United States v. Luschen,* 614 F.2d 1164, 1169 & n. 3 (8th Cir.), *cert. denied,* 446 U.S. 939, 100 S.Ct. 2161, 64 L.Ed.2d 793 (1980) (refusing to reaffirm *Frye* ). This circuit has not directly considered the question and it need not do so until the appropriate case arises. *Cf. United States v. Clark,* 622 F.2d 917, 917 (5th Cir.1980) (en banc) (Gee, J., concurring) (reaffirming inadmissibility of the polygraph test under *Frye* in order denying rehearing *en banc* ); *Moreno v. United States,* 391 F.2d 280, 281 (5th Cir.1968) (description of chemical tests performed and results received laid proper foundation for expert opinion).