In the

# United States Court of Appeals
## For the Seventh Circuit

No. 09-1920

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL NAPADOW,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:08-cr-00328-1—**Harry D. Leinenweber,** *Judge.*

ARGUED DECEMBER 4, 2009—DECIDED FEBRUARY 23, 2010

Before POSNER, RIPPLE and WOOD, *Circuit Judges.*

RIPPLE, *Circuit Judge.* On April 17, 2008, a federal grand jury returned a six-count indictment charging Michael Napadow with knowingly devising a scheme to defraud and obtain money from home inspectors by selling fraudulent insurance. The indictment contained two counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts One and Three), and four counts of mail fraud, in violation of 18 U.S.C. § 1341 (Counts Two, Four, Five and

Six). The district court denied his motion to dismiss the indictment for lack of a speedy trial. Mr. Napadow now seeks review of that decision. Because we conclude that the district court was correct, we affirm the judgment.


# I

## BACKGROUND

Our decision rests on a close examination of the district court's consideration of Mr. Napadow's motion to dismiss the indictment.[1] We therefore set forth, in some detail, the court's treatment of the issue during the course of the proceedings in that court.

Mr. Napadow first appeared before the district court on May 6, 2008. He entered a plea of not guilty. During that appearance, the district court asked the defense how much time it would need to file pretrial motions. Defense counsel requested that the deadline be set for May 27, 2008. The district court set that date as the deadline and scheduled a status conference for June 10, 2008. The district court then asked, "Any objection if I exclude time

---

[1] During proceedings before the district court, Mr. Napadow raised and preserved adequately the issue of whether his right to a speedy trial, under the Speedy Trial Act, had been violated. *See* Tr. at 8-9, Aug. 19, 2008; *see also United States v. Gearhart,* 576 F.3d 459, 462 (7th Cir. 2009) (noting that a criminal defendant must move to dismiss the indictment in order to preserve a Speedy Trial Act challenge).

for pretrial motions?" Tr. at 3, May 6, 2008. Defense counsel stated, "Your Honor, Mr. Napadow has asked me to object and he has asked me to assert his Speedy Trial rights." *Id.* The district court then stated, "Objection overruled. Time will be excluded for purposes of preparation and consideration of pretrial motions." *Id.* That same day, the district court entered a minute entry that stated, "Status hearing set for 6/10/2008 at 9:00 a.m. Enter excludable delay in the interest of justice to begin 5/6/2008 and end 6/10/2008 pursuant to 18:3161(h)(8)(A)(B)." R.7.

Neither party filed a pretrial motion. On Tuesday, June 10, 2008, the parties appeared for the status conference. The Government indicated that discovery had been exchanged. Defense counsel then stated, "Mr. Napadow advises me he does not anticipate he will plead guilty in this case. He has asked me to request a trial date, and also has asked me to object to the exclusion of any time." Tr. at 2, June 10, 2008. The district court then asked if the parties were ready to begin trial the following Monday. *Id.* Defense counsel stated, "Not quite that soon," but Mr. Napadow interjected, "I am ready." *Id.* at 3. The Government said that, in order to coordinate out of town witnesses' schedules, it would need at least two months to prepare for trial. The district court then proposed August 18, 2008. Defense counsel informed the court that it had another trial scheduled for that date. The district court then said, "Well, since your client wants a trial, let's leave it on the 18th. If your other case goes, then we will have to try it after you are finished." *Id.* The district court also scheduled

a status conference for July 29, 2008. The court did not verbally exclude time. *Id.* Nevertheless, later that same day, the district court entered a minute entry reflecting the scheduling of the trial date and conference. R.8. The minute entry also stated, "ENter [sic] excludable delay in the interest of justice to begin 6/10/2008 and end 8/18/2008 pursuant to 18:3161(h)(8)(A)(B)." *Id.*

At the July 29 conference, defense counsel indicated that Mr. Napadow might plead guilty, and the Government asked if the plea hearing could occur within the next week. The following was said:

The Clerk: If I need to set the plea, just let me know, we will go from there.

[The Government]: Okay.

[Defense Counsel]: Thank you, your Honor.

[The Government]: And may time be excluded until that next date?

The Court: I think it is excluded until the trial date.

[The Government]: Okay.

The Court: All right.

[Defense Counsel]: Thank you.

[The Government]: Thank you, your Honor.

The Defendant: I have a question.

The Court: Talk to your lawyer.

The Defendant: What is this excluded stuff?

[Defense Counsel]: Time has already been excluded.

The Defendant: For what?

[Defense Counsel]: Until the trial date, August 18th.

The Defendant: For what? Why?

[Defense Counsel]: I don't have the transcript in front of me right now. I can't answer that. I can get the transcripts if you want and tell you why.

The Defendant: That was never brought up in the other cases that—in the other two, in the other two hearings.

[Defense counsel]: I am not sure we need to raise that right now. I don't have the transcripts here but I can get them.

The Defendant: Do you know why you excluded that time, your Honor?

The Court: Excluded time through the trial date?

The Defendant: Yes.

The Court: Probably because of continuity of counsel. Also, nobody was available earlier than that. I don't have the record in front of me.

The Defendant: Can I object to that?

The Court: Time was excluded on June 10th to enable the parties to file pretrial motions, there apparently were none. This was probably the first date that the lawyers were available.

The Defendant: I just want to—

[Defense Counsel]: I will talk to you.

The Defendant: Okay.

[Defense Counsel]: Thank you, your Honor.

[The Government]: Thank you.

(Proceedings concluded.)

Tr. at 3-5, July 29, 2008. Later that day, the district court entered a minute entry reflecting that the status hearing was held and stating, "Enter excludable delay in the interest of justice to begin 7/29/2008 pursuant to 18:3161(h)(8)(A)(B)." R.9.

Plea negotiations broke down and the Government requested a pretrial conference. The parties appeared on August 6, 2008, and the Government sought a 30 day continuance to allow it additional time to prepare. Tr. at 2, Aug. 6, 2008. The district court stated that its calendar was full and, after some discussion about scheduling, the following was said:

> The Court: Well, I don't know what else to do, otherwise you are going to go over until next year, and I would assume that that is not okay with— well, I don't know what the defendant's position is.
>
> [Defense counsel]: Your Honor, if your Honor would recall, since Mr. Napadow's initial appearance before your Honor he has insisted on a speedy trial.
>
> The Court: In fact, last time I think he raised the question of a speedy trial.
>
> [Defense counsel]: Yes.
>
> The Court: Then I think we have to go ahead.

*Id.* at 4. The parties agreed that trial would begin on August 19 instead of the 18. *Id.* Later that day, the district court entered a minute entry reflecting that the hearing had occurred. R.10. The minute entry said nothing about excludable time.

On August 18, 2008, the Government filed a motion to dismiss Count Six of the indictment. R.12. The following day, on August 19, while discussing pretrial matters, the district court asked if there were any objections to the motion, heard that there were none from Mr. Napadow and verbally granted the motion, dismissing Count Six. *See* Tr. at 6-7, Aug. 19, 2008.[2]

Also on August 19, 2008, before the jury was brought in for voir dire, the following was said in open court,

> [Defense Counsel]: A moment ago Mr. Napadow insisted that he would address your Honor and I told him he shouldn't do that, especially in front of the jury, so I asked for a side bar.
>
> The Defendant: I had asked him to file this motion under the Speedy Trial Act because the way I understand the Act, if I don't motion for it, I lose my rights, and I don't want to lose any rights.
>
> The Court: I think we have gone over this. Let me just see what the—let me see this here for a second. My recollection is that we excluded time for a

---

[2] The district court also granted the motion and dismissed Count Six of the indictment in the post-sentencing Judgment. *See* R.42.

variety of purposes during the course of the case.

The motion is denied.

*Id.* at 8-9.[3] The trial then began and lasted for two days.

On August 20, 2008, the jury found Mr. Napadow guilty on all five counts. On March 5, 2009, the district court sentenced Mr. Napadow to 60 months' imprisonment. *See* Tr. at 29, Mar. 5, 2009. Mr. Napadow now appeals the denial of his motion to dismiss for the alleged Speedy Trial Act violation.

## II

## DISCUSSION

We review de novo a denial of a motion to dismiss under the Speedy Trial Act when the calculation of time is at issue. *See United States v. Rollins*, 544 F.3d 820, 828-29 (7th Cir. 2008).

The Speedy Trial Act mandates that criminal trials shall be commenced within 70 days of the issuance of an indictment or a defendant's first appearance before a judicial officer, whichever occurs later. *See* 18 U.S.C. § 3161(c)(1). If the defendant is not brought to trial within 70 days, "the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). Dismissal may be with or without prejudice. *Id.*; *see also United States v. Taylor*, 487 U.S. 326, 336-37, 342-43 (1988).

---

[3] Apparently, the motion never was made part of the record. *See* Appellee's Br. 7 n.3.

The Act is designed to preserve the defendant's right to a speedy trial, as guaranteed by Amendment VI of the Constitution, *and* "to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." *Zedner v. United States*, 547 U.S. 489, 501 (2006).

To provide the necessary flexibility to accommodate pretrial proceedings that result in justifiable delay, the Act excludes from the 70-day clock certain periods of time. *See* 18 U.S.C. § 3161(h)(1)-(8).[4] Two particular exclusions are relevant to this case: the pretrial motion exclusion, *see id.* § 3161(h)(1)(D),[5] and the ends-of-justice exclusion,

---

[4]   The Speedy Trial Act was amended effective October 13, 2008. *See* Pub. L. No. 110-406, § 13, 122 Stat. 4291 (2008). The effect of that amendment was, in relevant part, recodification of subsection (F) of 18 U.S.C. § 3161(h)(1) as subsection (D) and recodification of subsection (8) of § 3161(h) as subsection (7). Except where noted, all citations in this decision refer to the version of the Act as it is codified in the 2009 Supplement to the United States Code.

[5]  Time shall be excluded, "resulting from other proceedings concerning the defendant, including but not limited to . . . (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).

*see id.* § 3161(h)(7)(A).[6]

---

[6]  According to § 3161(h)(7):

(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pre-

(continued...)

The parties agree that the speedy trial clock began to run on May 6, 2008, when Mr. Napadow first appeared before the district court. *See* 18 U.S.C. § 3161(c)(1). Between

---

[6]  (...continued)

> trial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

(C) No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

18 U.S.C. § 3161(h)(7).

May 6 and August 19, the first day of trial when Mr. Napadow moved to dismiss the indictment, 105 days elapsed. Thus, the central inquiry is how many days were excludable from those 105 days.

## A.

The pretrial motion exclusion applies whenever a pretrial motion is filed and, with certain exceptions not applicable here, excludes the entire period of time from filing to the disposition of such motion. *See Henderson v. United States*, 476 U.S. 321, 330-31 (1986); *United States v. Pansier*, 576 F.3d 726, 731-32 (7th Cir. 2009). Additionally, we have held that the time needed to prepare pretrial motions is excludable. *See United States v. Montoya*, 827 F.2d 143, 153 (7th Cir. 1987) ("[T]ime consumed in the preparation of a pretrial motion must be excluded— provided that the judge has expressly granted a party time for that purpose. Even when motions are not actually filed in the allotted time, the amount of time *granted* by the district judge for their preparation and submission is excludable." (internal quotation marks and citations omitted, emphasis in original)).[7]

The parties also agree that 21 days were excludable between May 6 and May 27 because, *at the request of the defense*, the district court excluded that period to afford

---

[7] We are aware that the Supreme Court of the United States has granted certiorari in *United States v. Bloate*, 534 F.3d 893 (8th Cir. 2008), *cert. granted*, 129 S. Ct. 1984 (2009), and will consider this rule.

the parties adequate time to prepare pretrial motions.
*See Montoya*, 827 F.2d at 153 (describing the pretrial
motion preparation exclusion). However, Mr. Napadow
contends that, because no motions were actually filed
on May 27, the 14 days between that date and the next
conference on June 10 were improperly excluded.
The Government contends that the 14 days were
excludable because the district court granted that time
for the preparation, filing and consideration of pretrial
motions.

We conclude that the entire period from May 6 to
June 10, totaling 35 days, is excludable under the pretrial
motion exclusion. *See* 18 U.S.C. § 3161(h)(1)(D). As we
have noted, Mr. Napadow readily concedes that the
period of time leading up to the May 27 filing deadline
was excludable because of his representation to the
district court that he intended to file pretrial motions
during that period. *See Montoya*, 827 F.2d at 153 ("Even
when motions are not actually filed in the allotted time,
the amount of time *granted* by the district judge for
their preparation and submission is excludable."
(emphasis in original)). A fair reading of the transcript
of the May 6 hearing makes it clear that the district
court set the next status conference for June 10 in order
to afford adequate opportunity to consider the position
of the parties on the motions that it expected to receive
in light of the defense's representation. This was a prac-
tical, common-sense way of proceeding. Certainly, if
a motion had been filed, the court would have been
justified in taking that time to consider the motion and
prepare for the June 10 status conference. *See Henderson*,
476 U.S. at 330-31. "The provisions of the Act are

designed to exclude all time that is consumed in placing
the trial court in a position to dispose of a motion." *Id*.
at 331. *Cf. United States v. Baskin-Bey*, 45 F.3d 200, 204 (7th
Cir. 1995) ("[I]t is unfair of [a defendant] to ask that the
trial date be delayed to suit her, implicitly agree to the
government's request that time be excluded because of
her request, and then try to sandbag the government
by insisting that the time be counted against the speedy
trial clock."); *United States v. Garrett*, 45 F.3d 1135, 1138
(7th Cir. 1995) ("If [the defendants] believed this period
to be too long, or if the defendants did not intend to file
anything during this time, it was incumbent upon
them to point this out to the district court.").[8]

In sum, we believe that Mr. Napadow's general asser-
tion of his rights under the Act must be assessed in light
of his specific representations to the court with respect
to his plans for pretrial motions. His assertion of speedy
trial rights is qualified by the application of the
pretrial motion exclusion.[9]

---

[8] *See also United States v. Oberoi*, 547 F.3d 436, 449 (2d Cir. 2008)
(citing with approval the view that whether motions are
actually filed during the pretrial motion preparation exclusion
is unimportant); *United States v. Mejia*, 82 F.3d 1032, 1035-36
(11th Cir. 1996) (same).

[9] The minute entry of May 6 purported to exempt all the time
until June 10 per the ends-of-justice exception. However, the
district court never articulated its ends-of-justice findings
with respect to the 14 days between May 27 and June 10. As
we hold later in this opinion, such a minute entry, without

(continued...)

**B.**

The ends-of-justice provision excludes "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); *see also Zedner*, 547 U.S. at 506-07. "Among the factors that a district court must consider in deciding whether to grant an ends-of-justice continuance are a defendant's need for 'reasonable time to obtain counsel,' 'continuity of counsel,' and 'effective preparation' of counsel." *Zedner*, 547 U.S. at 500 (citing § 3161(h)(8)(B)(iv), now codified as § 3161(h)(7)(B)(iv)). No time shall be excluded pursuant to the ends-of-justice provision "unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding" that the ends-of-justice provision applies. *See* 18 U.S.C. § (h)(7)(A). "A straightforward reading of these provisions leads to the conclusion that if a judge fails to make the requisite findings regarding the need for an ends-of-justice continuance, the delay resulting from the continuance must be counted." *Zedner*, 547 U.S. at 508. However, the district court need not explain its findings contemporaneously with its decision to exclude time. "[A]t the very least . . . [the] findings must be put on the record by the time the district court rules

---

9  (...continued)
more, is an insufficient statement of reasons to support an application of the ends-of-justice exception.

on . . . [the] motion to dismiss." *See Zedner*, 547 U.S. at 506-
07; *see also United States v. Rollins*, 544 F.3d 820, 830 (7th Cir.
2008); *United States v. Larson*, 417 F.3d 741, 746 (7th Cir.
2005); *United States v. Turner*, 203 F.3d 1010, 1017 (7th Cir.
2000). When the district court makes its findings, the
Speedy Trial Act does not require the court "to cite . . .
sections [of the Act] or to track the statutory language in a
lengthy legal opinion," but rather to make findings
"sufficiently specific to justify a continuance[] and comport
with the purposes of the Act." *United States v. Jean*, 25 F.3d
588, 594 (7th Cir. 1994) (internal quotation marks and
citations omitted). "The requirement that the district
court make clear on the record its reasons for granting an
ends-of-justice continuance serves two core purposes. It
both ensures the district court considers the relevant
factors and provides this court with an adequate record to
review." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th
Cir. 2009) (internal citations omitted).

We conclude that the 69 days, from June 10 to August 18,
were excludable pursuant to the Act's ends-of-justice
exclusion. The district court excluded this period of time
in the minute entry issued on June 10. Later, the
district court explained that it had excluded that time
"[p]robably because of continuity of counsel" and "nobody
was available earlier than that" and, finally, "[t]his
was probably the first date that the lawyers were avail-
able." Tr. at 4-5, July 29, 2008. Mr. Napadow contends
that the district court's explanation was too speculative to

satisfy the Act's requirement of on-the-record findings.[10] We cannot accept this contention. Counsel told the district court that more time was needed to prepare for trial, and, on that representation, the court granted the continuance. This sequence of events, followed by the court's later explanation, sufficiently identified the applicable continuity of counsel factor under the ends-of-justice exclusion. *See Jean*, 25 F.3d at 594. When " 'facts have been presented to the court and the court has acted on them, it is not necessary to articulate those same facts in a continuance order.' " *Id.* (quoting *United States v. Wiehoff*, 748 F.2d 1158, 1160 (7th Cir. 1984)). This sequence of events makes it clear that the district court accepted counsel's representation that more time was needed and, consequently, granted the continuance. The district court's later confirmation of that reason comports with the record. Notably, Mr. Napadow's own counsel's unavailability was, in part, a cause for the trial delay. *Cf. Baskin-Bey*, 45 F.3d at 203-04 (finding a district court's reasons for the exclusion to be clear from the record). While, of course, the record would have been more clear if the district court had identified precisely why the ends of justice served by granting the exclusion outweighed the best interest of the public and Mr. Napadow in a speedy trial, a comparison of the district court's

---

[10] Mr. Napadow does not contend that the district court erred by articulating its findings several weeks after it had first purported to exclude this time on June 10. Nor could he. *See Zedner v. United States*, 547 U.S. 489, 506-07 (2006); *United States v. Turner*, 203 F.3d 1010, 1017 (7th Cir. 2000).

actual statements with the circumstances of the pretrial proceedings provide an adequate basis to justify the 69 day exclusion.[11]

We do note, however, that the minute entries, by themselves, are clearly unsatisfactory explanations of the district court's ends-of-justice determinations. As we have just observed, we need not rely on them for resolution of this appeal. Nevertheless, we note that such pro forma statements, standing alone, would not comply adequately with the statute.

Finally, the one day between August 18 and 19 was excludable because the Government filed a motion to dismiss Count 6 of the indictment on August 18, and the motion was decided on August 19. Pursuant to the exclusion afforded by § 3161(h)(1)(D), that day was excludable. *See Henderson*, 476 U.S. at 330-31.[12]

---

[11] Our sister circuits have followed similar approaches. *See, e.g., United States v. Pakala*, 568 F.3d 47, 60 (1st Cir. 2009); *United States v. Gamboa*, 439 F.3d 796, 803 (8th Cir. 2006); *United States v. Hope*, 714 F.2d 1084, 1087 (11th Cir. 1983). *But cf. United States v. Toombs*, 574 F.3d 1262, 1268-69 (10th Cir. 2009) (determining that the district court gave an inadequate ends-of-justice explanation).

[12] We note that, even if the Supreme Court ultimately decides that the circuit's current rule on excluding time for the preparation of pretrial motions is incorrect, the exclusion of the 69 days from June 10 to August 18, pursuant to the ends-of-justice exclusion, with the additional one day from August 18 to 19 tacked on, pursuant to the pretrial motion exclusion, would ensure compliance with the Act in this case.

## Conclusion

The district court correctly determined that there had been no violation of the Speedy Trial Act. The judgment of the district court is therefore affirmed.

AFFIRMED