NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 8, 2010
Decided September 9, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-3201

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 07 CR 605-1 |
| THOMAS CUNNINGHAM, *Defendant-Appellant*. | Harry D. Leinenweber, *Judge*. |

**O R D E R**

Following a jury trial, Thomas Cunningham was found guilty of one count of bank robbery, *see* 18 U.S.C. § 2113(a), and sentenced to 180 months' imprisonment, 30 months below his guidelines range of 210 to 240 months. Cunningham appeals, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We review only the issues presented in counsel's facially adequate brief and in Cunningham's response. *See* CIR. R. 51(b); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Cunningham was indicted on October 10, 2007, and charged with robbing the First Savings Bank of Hegewisch in Lansing, Illinois. He moved in May 2008 to have the

indictment dismissed for violation of the Speedy Trial Act; the district court denied the motion. Trial began on December 15, 2008, and the jury found Cunningham guilty the next day.

Counsel first considers whether any violation of the Speedy Trial Act occurred, given that 430 days passed between the indictment and trial. A defendant must be tried within 70 days of his indictment or his first appearance before a judge, *see* 18 U.S.C. § 3161(c)(1), but certain periods of time are excluded from the 70-day calculation, *see* 18 U.S.C. § 3161(h). The total unexcused delay here did not approach 70 days. As counsel notes, the district court properly invoked the "ends of justice" exception, *see* 18 U.S.C. § 3161(h)(7)(A), to exclude the time from Cunningham's arraignment on October 16, 2007, to May 7, 2008, for preparation of pretrial motions, for plea negotiations, and for new attorneys to familiarize themselves with Cunningham's cases. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(iv); *Bloate v. United States*, 130 S. Ct. 1345, 1357-58 (2010); *United States v. Napadow*, 596 F.3d 398, 404-05 (7th Cir. 2010); *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987). The court also appropriately excluded the time from when Cunningham filed his motion, on May 7, to its denial of the motion on July 16. *See* 18 U.S.C. § 3161(h)(1)(D); *Bloate*, 130 S. Ct. at 1353; *Napadow*, 596 F.3d at 406. And the court properly excluded the time from July 16 to December 1 for trial preparation and continuity of counsel. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(iv); *Napadow*, 596 F.3d at 405; *United States v. Santos*, 201 F.3d 953, 959 (7th Cir. 2000). Even if the final two-week delay until the trial began on December 15 were improperly excluded, no violation of the Speedy Trial Act occurred.

Counsel next considers whether the district judge should have recused himself because an Assistant United States Attorney prosecuting the case had previously served as his law clerk. Before the trial began, Judge Leinenweber denied Cunningham's motion to disqualify himself under 28 U.S.C. § 455. Denial of such a motion, however, can be challenged only with a writ of mandamus—not on appeal after the proceeding is complete. *See Tezak v. United States*, 256 F.3d 702, 717 n.16 (7th Cir. 2001). (We previously denied Cunningham's petition for a writ. *See In re Cunningham*, No. 08-4203 (7th Cir. Dec. 19, 2008) (order).) And the record contains no evidence of actual bias that would require recusal under 28 U.S.C. § 144. *See Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 717-18 (7th Cir. 2004).

Counsel also examines whether the district court abused its discretion when it granted seven of the government's motions in limine. The motions in limine sought to exclude, among other things, evidence regarding the potential penalties Cunningham faced if convicted; the government's motivation for prosecuting the case; the impact a conviction would have on Cunningham's family; and evidence that Cunningham was coerced, unless he could meet the burden of proof necessary for that defense. But we would conclude that Cunningham waived any argument regarding these motions because his trial counsel

expressly declined to object to the court's decision to grant them. *See United States v. Murry*, 395 F.3d 712, 717 (7th Cir. 2005); *United States v. Cooper*, 243 F.3d 411, 416 (7th Cir. 2001).

Counsel also considers whether the district court improperly denied several of Cunningham's objections during trial. He objected, for example, to the government's introduction of a letter from an attorney at the Federal Deposit Insurance Corporation as proof that the bank was insured by the FDIC. But an affidavit from the FDIC can be used to confirm a bank's insured status, so challenging the court's decision to allow that evidence would be frivolous. *See United States v. Hampton*, 464 F.3d 687, 690 (7th Cir. 2006). Cunningham also objected to certain testimony that arose at trial: testimony about another bank robbery that occurred nearby on the same day; a witness's use of the word "robber" to describe the person who took the money from the bank; the government's asking a teller how she felt during her interaction with Cunningham on the day of the robbery; and the government's asking a teller if she said, "Oh my God," upon recognizing Cunningham after his arrest as the bank robber. But, as counsel acknowledges, any erroneous evidentiary rulings would have been harmless in light of the overwhelming evidence of Cunningham's guilt. *See* FED. R. CRIM. P. 52(a); *United States v. Cooper*, 591 F.3d 582, 590 (7th Cir. 2010).

Counsel next considers whether the district court erred when it barred two defense witnesses from testifying about Cunningham's personal circumstances. Cunningham sought to have the witnesses testify that he was homeless and owed money before the bank robbery, but the court properly concluded that the testimony was irrelevant to the issues at trial or his defense. *See United States v. Woolsey*, 535 F.3d 540, 549 (7th Cir. 2008).

Counsel then considers whether there was sufficient evidence to convict Cunningham. We would review any challenge to the sufficiency of the evidence in the light most favorable to the government, and reverse only if no reasonable factfinder could find Cunningham guilty. *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). To convict Cunningham, the government had to prove that he took money belonging to the bank from the person or presence of another by force and violence, or by intimidation. *See* 18 U.S.C. § 2113(a); *United States v. Carter*, 410 F.3d 942, 952 (7th Cir. 2005). Counsel notes that, at trial, Cunningham did not deny taking the bank's money from a teller; the only issue was whether he used intimidation to take it. Intimidation requires that a defendant's words and actions cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance will be met with force. *See United States v. Thornton*, 539 F.3d 741, 748 (7th Cir. 2008); *United States v. Burnley*, 533 F.3d 901, 903 (7th Cir. 2008). The teller testified that Cunningham approached her window and gave her a bag and a note that read, "Give me all your money," and that he said, "Don't move and don't scream." The teller then put all of the money from her drawer into the bag. From such testimony, we would conclude that the teller reasonably felt threatened, *see United States v. Clark*, 227 F.3d 771, 775 (7th Cir. 2000),

and so a challenge to the sufficiency of the evidence used to convict Cunningham would be frivolous.

Counsel also looks at the district court's decision to let Cunningham proceed pro se during sentencing. After Cunningham told the court in February 2009 that he would rather represent himself at sentencing than continue with his trial counsel, the court granted his request without conducting a hearing. Any valid waiver of a right to counsel must be knowing and intelligent. *See Faretta v. California*, 422 U.S. 806, 835 (1975); *Cooper*, 591 F.3d at 587. Although the court did not conduct a hearing, other evidence in the record would convince us that Cunningham understood the risks of proceeding pro se. *See United States v. Johnson*, 534 F.3d 690, 693-94 (7th Cir. 2008). Cunningham first sought to represent himself in May 2008, at which time the court advised him that "you should think about it carefully." He answered affirmatively when the court asked, "Do you understand that there are a lot of problems with representing yourself?" and "Do you understand that it is undoubtedly prejudicial to your case not to have a lawyer?" The court noted that Cunningham was "adamant" in his desire to represent himself—despite warnings about the hazards of doing so—and agreed to discharge his appointed counsel. Given Cunningham's willingness to disregard the risks of proceeding pro se earlier in the case, we would not conclude that the court abused its discretion when it allowed him to represent himself at sentencing.

Counsel also considers whether Cunningham could argue that he received ineffective assistance from his trial counsel, but recognizes that such a claim is best reserved for collateral review. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Recendiz*, 557 F.3d 511, 531-32 (7th Cir. 2009).

Cunningham seeks in his Rule 51(b) response to raise several arguments regarding his sentence, most of which stem from his contention—also explored by counsel—that the district court improperly classified him as a career offender. But when the district court determined at sentencing that—based on a 1990 federal conviction for armed bank robbery and separate state-court convictions in 1991 for armed robbery in Cook County and Will County—he was a career offender under U.S.S.G. § 4B1.1, Cunningham concurred, "Absolutely, and I don't have an objection to that," and even characterized the language of the guideline as "clear and unambiguous." We would therefore conclude that he waived any argument on appeal regarding his career-offender status. *See United States v. Adcock*, 534 F.3d 635, 641-42 (7th Cir. 2008); *United States v. Sanchez*, 507 F.3d 532, 539 (7th Cir. 2007).

Cunningham also asserts that the district court improperly relied on immaterial information at sentencing when it observed that another bank robbery took place nearby to the bank that Cunningham robbed. This contention is frivolous—nothing in the record suggests that the court relied at all on that information.

Finally, Cunningham argues that his sentence was unreasonable.  But, as counsel recognizes, the court gave careful consideration to the 18 U.S.C. § 3553(a) sentencing factors and—believing the guidelines overstated Cunningham's criminal history—imposed a below-guidelines sentence, so any challenge to the reasonableness of the sentence would be frivolous.  *See United States v. Chess*, 610 F.3d 965, 967 (7th Cir. 2010).

We GRANT counsel's motion to withdraw and DISMISS the appeal.