# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 2, 2010
Decided June 29, 2010

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 08-3755

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 06 CR 684 |
| JOSEPH CHESS, | |
| *Defendant-Appellant*. | Blanche M. Manning, *Judge*. |

No. 09-1762

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Illinois, Eastern Division. |

*v.*                                                        No. 06 CR 684

ANTWAN PETERSON,                                Blanche M. Manning, *Judge.*
   *Defendant-Appellant.*


No. 09-2198

UNITED STATES OF AMERICA,                       Appeal from the United States District
   *Plaintiff-Appellee,*                Court for the Northern District
                         of Illinois, Eastern Division.

  *v.*
                          No. 06 CR 684

PRINCE COLEMAN,
   *Defendant-Appellant.*                Blanche M. Manning, *Judge.*


**O R D E R**

  Joseph Chess, Antwan Peterson, and Prince Coleman are three of the people who took part in an extensive conspiracy to sell heroin and fentanyl in the Dearborn Homes housing project in Chicago. Together with their co-defendant, Saundra Falls, they pleaded guilty to violations of 21 U.S.C. §§ 846, 841(a)(1). Falls has pursued an appeal from the sentence she received; we dispose of that appeal in a separate order. The attorneys for Chess, Peterson, and Coleman have all moved to withdraw from representation and to dismiss the appeals as frivolous, pursuant to *Anders v. California,* 386 U.S. 738 (1967). All three defendants have exercised their right to file a response to counsel's submission, in response to our invitation. See CIR. R. 51(b). We consider each person's case in turn.

  A. Joseph Chess

  Chess pleaded guilty to possession with intent to distribute heroin, see 21 U.S.C. § 841(a)(1), and he received a sentence of 120 months' imprisonment. He does not want his

guilty plea vacated, and so his lawyer properly refrained from discussing the adequacy of the plea colloquy or the voluntariness of Chess's plea. See *United States v. Knox,* 287 F.3d 667, 670-72 (7th Cir. 2002).

Chess's role in the conspiracy began as a lookout for yet another member, Larry Smith, and later evolved into that of a drug-seller. He was arrested in March 2004 holding 34 bags of heroin (in which approximately 5.6 grams were found) and $600 in cash. Chess was released by the police after that arrest, because they thought that he might be willing to cooperate with the federal investigation, but he was re-arrested the next day after he imprudently sold some heroin to an undercover Chicago police officer.

Counsel considers whether Chess might try to contest the drug quantity on which the sentence was based, but, as the district court explained, Chess's own admissions support a finding of at least 1.8 kilograms of heroin. That amount yields an offense level of 32. In addition, Chess got a break that he did not deserve: the court gave him a 3-level reduction for acceptance of responsibility over the government's objection; under those circumstances, he should have gotten only a 2-level discount. See *United States v. Deberry,* 576 F.3d 708, 710 (7th Cir. 2009), *cert. denied,* 78 U.S.L.W. 3564 (U.S. Mar. 29, 2010) (No. 09-7351). And that was not the only break Chess got: although his total offense level of 32 and his criminal history category of VI provided for a guidelines range of 210 to 240 months, the district court chose a sentence of only 120 months. Any challenge to the reasonableness of this sentence would be frivolous. See *United States v. Poetz,* 582 F.3d 835, 837 (7th Cir. 2009) (a sentence below the guidelines range is rarely, if ever, unreasonable).

B. Antwan Peterson

Peterson pleaded guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 160 months in prison. He admitted that he sold crack, and the record showed that he also participated with other gang members in heroin sales for several years. Counsel begins by asserting that Peterson also does not wish to challenge his plea, and so under *Knox* any issues relating to the plea are off the table. Peterson's own filing casts some doubt on that representation, since he appears to want to challenge the validity of his indictment and he expressly asserts that "his plea was involuntary." Because he did not move to withdraw his plea in the district court, however, our review of any issue related to it would be limited to plain error. *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir.2008). In any event, we see no merit to Peterson's

complaint that the indictment was invalid on its face because the U.S. Attorney never signed it. See *United States v. Irorere,* 228 F.3d 816, 830-31 (7th Cir. 2000) ("alleged failure of the grand jury foreperson and the attorney for the government to sign the indictment would be mere technical deficiencies, and because the defendant does not allege that the indictment did not adequately inform him of the charges against him or otherwise prejudice his defense, the defendant's challenge to the sufficiency of the indictment is without merit"). Peterson's complaint about the quality of his lawyer's pretrial investigation is the kind of thing that is better raised in a post-conviction proceeding, in which the record can be properly developed.

With respect to the sentence, counsel has spotted one error in the district court's calculation of Peterson's guidelines range, but it was an error that helped him. At sentencing, the government conceded that because Peterson's relevant conduct included both heroin and crack, the guidelines require that the offense level be calculated based on marijuana equivalencies and then reduced by two levels. See U.S.S.G. § 2D1.1 cmt. N.10(D)(i). But because the 10 kilograms of heroin for which Peterson was responsible would, in itself, have resulted in the same offense level as the combination of heroin and crack (level 36), the court should not have included the two-level reduction. See *id.* § 2D1.1 cmt. n.10(D)(ii).

Counsel rightly points out that Peterson would have no incentive to raise this point on appeal, because the reduction was favorable to him. Moreover, counsel also correctly notes that the government's decision not to file a cross-appeal precludes this court from correcting that error by adjusting the sentence upwards. See *Greenlaw v. United States,* 554 U.S. 237 (2008). Finally, Peterson's sentence of 160 months was below the bottom of the mistakenly low range (188-235 months), and so any challenge would indeed be frivolous.

C.  Prince Coleman

Coleman pleaded guilty to conspiring to distribute a controlled substance (heroin, fentanyl, and crack); his sentence was 120 months. Counsel represents that Coleman does not want his guilty plea vacated; seeing nothing in his response to the contrary, we accept that representation and move past any question of the adequacy of the plea colloquy or the voluntariness of his plea. (Coleman does appear to complain a bit about the quality of representation he received from his trial attorney, but that matter is better left to a post-conviction proceeding.)

Coleman's initial role in the offense was to provide security for another gang member, but he later graduated to purchasing mixing supplies for Larry Smith and helping Smith mix and package heroin for sale. Counsel suggests that Coleman might try to complain about the government's decision not to make a motion based on substantial assistance, since the absence of such a motion meant that he had no hope of receiving a sentence below the mandatory minimum of 120 months. But the government took the position that Coleman's assistance had not been substantial enough to warrant a motion, because Coleman refused to testify against his cousin. The district court, after studying the issue for a week, concluded that because Coleman stopped assisting the government, the government was well within its rights to withhold the motion. Counsel also considers the question whether Coleman could raise a general due process complaint about his sentencing hearing, but rightly concludes that this would be frivolous.

*       *       *

Our independent review of the facially adequate briefs that counsel have filed in each of these three cases, and our consideration of the additional statements that the defendants have filed, persuade us that there are no issues can be pursued on appeal. We therefore grant the motions to withdraw filed by counsel for Chess, Peterson, and Coleman, and dismiss each of these appeals.

APPEALS DISMISSED.