NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 27, 2014
Decided July 2, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 13-2688 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| | No. 09 CR 1032-1 |
| *v.* | |
| ISSAIAH HAYES BEY, *Defendant-Appellant.* | Joan Humphrey Lefkow, *Judge.* |

**O R D E R**

Issaiah Hayes Bey[1] oversaw heroin trafficking on Chicago's West Side at a spot near the corner of Grenshaw Street and Central Park Avenue. After eluding federal authorities for a year, he was arrested in Indiana and brought to trial on drug charges. A jury found him guilty of one count of conspiring to distribute and possess with the intent to distribute heroin, *see* 21 U.S.C. §§ 846, 841(a)(1), and four counts of using a telephone to facilitate the distribution conspiracy, *see id.* § 843(b). He was sentenced

---

[1] Although Hayes Bey's last name is identified in the indictment and judgment as "Hayes," he signs his name "Hayes Bey." We will use the defendant's preferred name.

below the guidelines range to 252 months' imprisonment. Hayes Bey's appointed lawyer has concluded that this appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Hayes Bey opposes counsel's motion. *See* 7TH CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed, plus any additional issues that the defendant, disagreeing with counsel, believes have merit. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Hayes Bey began clashing with his court-appointed attorneys early in the proceedings. A week before trial was scheduled to begin, he refused to be represented by counsel and asserted that his status as a Moorish American and his Illinois citizenship shielded him from the reach of federal jurisdiction, statutes, and regulations. The court rejected his jurisdictional argument, appointed a new attorney, and postponed the trial. Hayes Bey continued to refuse the assistance of counsel, so the court eventually determined that he must represent himself (after ensuring that appointed counsel would stay on as standby counsel). On the morning of trial, Hayes Bey appeared in court, but refused to participate. The district court arranged a video link so that he could observe the trial from another courtroom.

Without any objection, the government put forward its case—including the testimony of more than a dozen witnesses. Investigators testified about controlled buys they had conducted at the site, wiretapped phone calls in which Hayes Bey planned operations with his heroin supplier, and Hayes Bey's postarrest interview at which he admitted overseeing drug sales at the location and discussing payment issues with his supplier over the phone. A former drug courier also testified about Hayes Bey's oversight role in the scheme. The government introduced video evidence corroborating the testimony about the controlled buys as well as audio recordings of the wiretapped phone calls. Hayes Bey was ultimately found guilty by a jury of the conspiracy and § 843(b) charges.

Counsel first considers whether Hayes Bey could challenge the sufficiency of the evidence underlying his convictions. Counsel concludes, and we agree, that Hayes Bey could not plausibly contend that the evidence, viewed in the light most favorable to the government, *see United States v. Love*, 706 F.3d 832, 837 (7th Cir. 2013), was too scant for a jury reasonably to find him guilty of the charges. The conspiracy charge required proof that Hayes Bey "knowingly agreed—either implicitly or explicitly—with someone

else to distribute drugs." *United States v. Johnson*, 592 F.3d 749, 754 (7th Cir. 2010). Here, an investigator testified about Hayes Bey's postarrest admission of receiving "tax" payments from Richard Harrington, a heroin supplier, in exchange for permitting Harrington's drugs to be sold on the 3500 block of Grenshaw Street. In addition, one of Harrington's former drug couriers testified that Hayes Bey had overseen the spot on Grenshaw and that Harrington had fronted the heroin on credit, receiving payment for the drugs only after they were sold to customers. From this evidence the jury easily could have inferred that Hayes Bey had agreed with Harrington to distribute heroin. *See, e.g.*, *United States v. Dean*, 574 F.3d 836, 843–44 (7th Cir. 2009) (conspiracy conviction supported by evidence that defendant received drugs on credit and then redistributed them). As for the charges under 21 U.S.C. § 843(b), these required proof that Hayes Bey knowingly and intentionally used a communications facility, e.g., a telephone, to facilitate the commission of a drug offense. *United States v. Campbell*, 534 F.3d 599, 605 (7th Cir. 2008). Given the evidence—an investigator's testimony that Hayes Bey listened during a postarrest interview to recordings of four wiretapped phone calls and admitted to talking to Harrington about heroin sales and a payment dispute at the Grenshaw spot—it would be pointless to argue that the calls did not facilitate the conspiracy.

Counsel next considers a possible challenge to the district court's finding that Hayes Bey was competent to stand trial. On the morning of trial, after rejecting Hayes Bey's jurisdictional challenge, the judge addressed the need for a competency hearing. The judge declined to order a competency examination and explained that she found his conduct initially to be "appropriate" and "responsive." Hayes Bey's standby counsel and the prosecutor both agreed that Hayes Bey was merely refusing to cooperate, and the prosecutor added that none of Hayes Bey's attorneys had even raised the issue of competency. Based on these assertions as well as her own exchanges with Hayes Bey, the judge reasonably concluded that he understood the charges, was capable of cooperating with counsel, and was therefore competent to stand trial. *See United States v. Savage*, 505 F.3d 754, 760 (7th Cir. 2007); *Matheney v. Anderson*, 377 F.3d 740, 748 (7th Cir. 2004); *see also United States v. Alden*, 527 F.3d 653, 660 (7th Cir. 2008) (defendant's "ludicrous" or "unusual" legal views insufficient to show incompetency). Any challenge to the district court's competency finding would therefore be frivolous.

Counsel also considers whether Hayes Bey could challenge the district court's determination that he waived his right to be present at trial. Immediately before jury selection began, Hayes Bey had announced in court that he would not participate and

did not wish to be present, at which point the judge arranged for him to observe the proceedings via video from another courtroom. Throughout the four-day trial, the judge encouraged him to return; he eventually appeared briefly during the jury's deliberations, but then refused to stay for the reading of the verdict. We agree with counsel that it would be frivolous to challenge the district court's determination that Hayes Bey knowingly and voluntarily waived his right to be present at trial. The requirement that a defendant be "initially present at trial" before waiving his right to attend, *see* FED. R. CRIM. P. 43(c)(1), is satisfied as long as he is present in court on the day jury selection begins, *United States v. Benabe*, 654 F.3d 753, 771–72 (7th Cir. 2011). Here the district court ensured that Hayes Bey's waiver was knowing and voluntary by explaining to him his right to attend and repeatedly inviting him to return, *see id.* at 769, and Hayes Bey made clear that he would not attend.

Counsel finally considers whether Hayes Bey could challenge the term of imprisonment, but properly concludes that such a challenge would be frivolous. The 252-month term is below his guidelines' range of 292 to 365 months and thus presumptively reasonable. *See United States v. Long*, 748 F.3d 322, 332 (7th Cir. 2014); *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009). Counsel has not identified any consideration rebutting that presumption, nor can we. The court considered the relevant 18 U.S.C. § 3553(a) factors—including the seriousness of the offense and the need to protect the public and promote respect for the law (particularly in light of Hayes Bey's "nonsens[ical]" challenges to the court's jurisdiction)—and concluded that the statutory-minimum term of 240 months was "probably sufficient." The court reasonably tacked on an additional 12 months because of Hayes Bey's obstruction of justice—failing to appear at hearings and attempting to intimidate a witness. *See* U.S.S.G. § 3C1.1cmt. n.4(A), (E).

Hayes Bey in his Rule 51(b) response raises two additional arguments, but both are frivolous. First, he continues to assert that he is immune from prosecution in federal court. But that contention is nothing more than the "sovereign citizen" defense that we have repeatedly rejected. *See* 18 U.S.C. § 3231; *Benabe*, 654 F.3d at 767; *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993). He also asserts that the indictment was invalid on its face because it was not signed either by the United States Attorney or the grand jury's foreperson, but we have also rejected that argument as a harmless technical deficiency so long as the indictment provides adequate notice of the charges—as was the case here. *See United States v. Chess*, 610 F.3d 965, 968 (7th Cir. 2010); *United States v. Irorere*, 228 F.3d 816, 830–31 (7th Cir. 2000).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.